UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

UNITED STATES OF AMERICA

   - against -

FERNELLY SUAREZ,

              Defendant.

----------------------------------X

03 Cr. 242-1 (RWS)

<u>OPINION AND</u>
<u>ORDER</u>

A P P E A R A N C E S



    <u>Attorneys for the United States</u>

    PREET BHARARA
    United States Attorney
    Southern District of New York
    One Saint Andrew's Plaza
    New York, NY 10007
    By: Jennifer Lane Gachiri, Esq.

    <u>Attorneys for the Defendant</u>

    CARDI & EDGAR, LLP
    Two Park Avenue, 19th Floor
    New York, NY 10016
    By: Dawn M. Cardi, Esq.

**Sweet, D.J.**

Fernelly Suarez ("Suarez" or the "Defendant") has moved for a reduction of his prison sentence pursuant to U.S.S.G. § 1B1.10.  For the reasons stated below, Suarez' motion is granted and his sentence is reduced from 210 months to 168 months.

On July 14, 2006, Suarez was convicted of conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846, and sentenced by the Honorable Barbara S. Jones to a term of imprisonment of 210 months.  On November 3, 2014, Suarez made a motion, pro se, for a reduction of his sentence pursuant to Amendment 782 to the U.S. Sentencing Commission Guidelines, which lowered the penalties for most drug offenses.  A supplemental sentencing memorandum was received from the Probation Office on November 6, 2014, concluding that Suarez is eligible for a sentence reduction and that his amended Guidelines range is 168 to 210 months.  The government filed a letter-brief on January 20, 2015, agreeing with the probation office's conclusion and stating no objection to a reduction in sentence.  On July 20, 2015, Suarez' attorneys filed their own submission, agreeing with the amended Guidelines calculation and requesting sentence of 168 months, the bottom of the new Guidelines range.

With a revised offense level of 33 (adjusted downward from the offense level of 35 applied at sentencing) and a criminal history category of III, Suarez' amended Guidelines range is 168 to 210 months.  See U.S.S.G. Ch. 5 Part A (Nov. 2014).  Having reviewed the submissions from Probation, the Government, and the Defendant, the Court concludes that a new sentence at the bottom of that range is appropriate.

Although the crime for which Mr. Suarez was convicted involved a large quantity of drugs, it had no indicia of violence, and it is uncontested that he has had an excellent record while in prison.  Mr. Suarez' 2014 Progress Report from the Bureau of Prisons reflects that he has earned his GED while in prison, taken business and computer classes, done extensive work on the prison's behalf, and had no disciplinary incidents. It also indicates that he has no mental illness or behavioral issues and that he receives financial and emotional support from family and friends.  Because there is every reason to hope that Mr. Suarez can transition effectively to a peaceful and productive life while on supervised release, and because a sentence at the bottom of the amended Guidelines range still represents a significant penalty for a significant crime, the Court reduces Mr. Suarez' sentence of imprisonment to a term of 168 months.

3

It is so ordered.

New York, NY
July 29, 2015

ROBERT W. SWEET
U.S.D.J.